```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLARD E. BARTEL, et al.,      :   CONSOLIDATED UNDER
(Administrators for Estate of   :   MDL 875
Fernando Arroyo)                :
                                :
     Plaintiffs,                :
                                :
                                :
     v.                         :
                                :
                                :
A-C PRODUCT LIABILITY TRUST,    :   E.D. PA CIVIL ACTION NO.
ET AL.,                         :   2:11-30108-ER
                                :
     Defendants.                :
```

**O R D E R**

**AND NOW**, this **29th** day of **January, 2016**, upon consideration of the Motion for Summary Judgment (Judicial Estoppel) of the Thompson Hine Defendants[1] (ECF No. 89), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that the motion is **DENIED in part** and **DENIED without prejudice in part**, as follows:

> (1) The motion is **DENIED** as to the arguments related to judicial estoppel (with respect to <u>all</u> claims);

---

[1] These Defendants are: (1) Mathiasen Tanker Ind., Inc., (2) Trinidad Corporation, (3)American Trading and Production Corporation, (4) United Fruit Company, (5) American Export Isbrandtsen Lines, Inc., (6) Farrell Lines Incorporated, (7) Chas. Kurz & Co., Inc., (8) Keystone Shipping Co., (9) Keystone Shipping Corporation, and (10) Marine Transport Lines, Inc. (ECF No. 89-1.)

(2) With respect to Plaintiff's pre-petition <u>non-malignancy</u> claims, the motion is **DENIED without prejudice** as to the arguments related to the real party in interest/standing; and

(3) With respect to Plaintiff's post-petition <u>malignancy</u> claims, the motion is **DENIED** as to the arguments related to the real party in interest/standing.

It is **FURTHER ORDERED,** in accordance with the accompanying memorandum, as follows:

(1) The Clerk of this Court shall (a) make a copy of this order and the accompanying memorandum to be filed on the docket of Mr. Arroyo's bankruptcy case in the Bankruptcy Court for the Southern District of Texas (No. 98-bk-37492-LZP); (b) ascertain the identity of the trustee; and (c) have served upon the trustee a copy of said order and memorandum at his/her last known address;

(2) The trustee will have sixty (60) days from the date of the filing of the memorandum and order on the docket of the Bankruptcy Court to provide a

      signed letter to this Court (a) confirming that he/she has petitioned the Bankruptcy Court to reopen Mr. Arroyo's bankruptcy proceedings and (b) certifying his/her intention to be added as a party-plaintiff in the instant case (substituting only as to the non-malignancy claims, with the Administrators of Mr. Arroyo's estate (Willard E. Bartel and David E. Peebles) continuing as the named Plaintiffs with respect to the malignancy claims);

(3) Once the trustee has petitioned the Bankruptcy Court to reopen the bankruptcy proceedings, and until a motion for substitution as party-plaintiff has been filed by the trustee, he/she is to file a monthly status update with this Court (by the last day of each month), (a) informing the Court of the status of the petition to reopen, and (b) certifying his/her continuing intention to pursue the non-malignancy claims in the instant case;

(4) If the bankruptcy proceedings are reopened, the trustee will have thirty (30) days from the date of the Bankruptcy Court's order reopening those

>    proceedings to move in the instant case to be added as a party-plaintiff (with respect to the non-malignancy claims only);
>
> (5) In the event that the trustee (a) fails to advise this Court within the sixty (60) day timeframe that he/she has petitioned the Bankruptcy Court to reopen Mr. Arroyo's bankruptcy proceedings and intends to proceed with the non-malignancy claims, (b) declines to petition for reopening of those proceedings, (c) fails to provide a monthly status update after having petitioned the Bankruptcy Court, or (d) fails to move to be added as party-plaintiff in the instant case (substituting only for the non-malignancy claims) within thirty days of the Bankruptcy Court's reopening of the bankruptcy case: the Court will give Plaintiffs an additional thirty (30) days[2] to provide this Court with notice that they intend to (1) pursue only the malignancy claims, <u>or</u> (2) petition the Bankruptcy Court for

---

[2] This would be ninety (90) days from the date the memorandum and order are filed on the Bankruptcy Court's docket (for events pursuant to 5(a) or 5(b); or thirty (30) days from the date of the pertinent failure pursuant to 5(c) or 5(d)).

the Southern District of Texas to reopen the bankruptcy proceedings and move in that court to compel abandonment of the non-malignancy claims.

**AND IT IS SO ORDERED.**

**/s/ Eduardo Robreno**
**EDUARDO C. ROBRENO,    J.**